FILED
U.S. District Court
District of Kansas
9/29/2022
Clerk, U.S. District Court
By_____AA_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,

Plaintiff,

v.   CASE NO. 22-6270-01-GEB

JAMES DALE SUTTON,

Defendant.

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### COUNT 1

### MAKING A FIREARM
[26 U.S.C. § 5861(f)]

On or about August 15, 2022, in the District of Kansas, the defendant,

**JAMES DALE SUTTON,**

Knowingly made a firearm, namely, a destructive device as defined in 26 U. S. C. §5845(a)(8) and (f), an explosive pipe bomb, which consisted of a section of metal pipe,

1

threaded on each end with endcaps screwed on, one endcap having a hole drilled in it for fuse placement and the pipe filled with consumer sparklers.

In violation of Title 26, United States Code, Sections 5822, 5861(f) and 5871.

## COUNT 2

### POSSESSION OF AN UNREGISTERED FIREARM
[26 U.S.C. § 5861(d)]

On or about August 15, 2022, in the District of Kansas, the defendant,

**JAMES DALE SUTTON,**

knowingly possessed a firearm, namely, a destructive device as defined in Title 26, United States Code, § 5845(a)(8) and (f), an explosive pipe bomb, which consisted of a section of metal pipe, threaded on each end with endcaps screwed on, one endcap having a hole drilled in it for fuse placement and the pipe filled with consumer sparklers.

In violation of Title 26, United States Code, Sections 5861(d) and 5871.

## COUNT 3

### ARSON
[18 U.S.C. § 844(i)]

On or about August 15, 2022, in the District of Kansas, the defendant,

**JAMES DALE SUTTON,**

did maliciously damage and destroy, by means of an explosive, a building and real property used in interstate commerce or in activities affecting interstate commerce, to wit: the property consisting of the building of Radio Station KLKC, located at 1812 Main, Parsons, Kansas.

In violation of Title 18, United States Code, Section 844(i).

SEE ACCOMPANYING AFFIDAVIT, WHICH IS INCORPORATED BY REFERENCE AS THOUGH SET OUT IN FULL HEREIN.

JASON E. FULLER
Special Agent, ATF

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that the defendant, **JAMES DALE SUTTON**, committed the offenses set forth in this Complaint.

HONORABLE GWYNNE E. BIRZER
United States Magistrate
District of Kansas

## PENALTIES

**Counts 1 and 2**

- Punishable by a term of imprisonment of not more than ten (10) years. 26 U.S.C. § 5871.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3) and €.

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 3**

- Punishable by a term of imprisonment of not less than five (5) and not more than twenty (20) years. 18 U.S.C. § 844(i).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3) and €.

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

Forfeiture

## AFFIDAVIT

I, Jason E. Fuller (hereinafter referred to as affiant), being duly sworn, hereby depose and say:

1.Affiant is a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, and has been so employed since September 2003. Affiant is also a Certified Explosives Specialist ("CES") with ATF and has received extensive training related to explosives investigations.

2.This affidavit is made in support of an arrest warrant and complaint for **JAMES DALE SUTTON**, (hereinafter referred to as **"SUTTON"**) for violations of Title 18, United States Code, Section 844(i), maliciously damaging or destroying, by means of explosive, a building and other real and personal property used in interstate commerce; Title 26, United States Code, Section 5861(d), possession of a firearm (destructive device) not registered to him in the National Firearms Registration and Transfer Record ("NFRTR"); and Title 26, United States Code, Section 5864(f), making a firearm, namely a destructive device.

3.The facts set forth in this affidavit are based upon affiant's personal observations, affiant's training and experience, and information obtained from other law enforcement officers and witnesses, and other sources of information relative to this investigation. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.

### STATEMENT OF PROBABLE CAUSE

4.On the morning of August 15, 2022, Labette County Sheriff's Office (LCSO) Deputy (Dep.) Andrew Nelson arrived to work at the Labette County Judicial Center (LCJC)

1

located at 201 South Central, Parsons, Kansas and observed that a dumpster located in the southeast corner of the south parking lot of the LCJC had been blown up.

5. Dep. Nelson notified the Parsons Police Department (PPD). PPD Officer (Off.) Waylon Kepley responded to the location. PPD Off. Kepley observed that the dumpster was on its side and had severe damage to it, including holes in the bottom and side. Dep. Nelson pointed out two pieces of metal in the parking lot near his patrol vehicle. Off. Kepley photographed and collected the pieces of metal. One piece of metal appeared to be a piece of pipe due to it having threads on it. The other piece of metal was twisted and mangled.

6. PPD PSO Shyanne Dunn took a criminal damage to property report from KLKC Radio Station located at 1812 Main, Parsons, Kansas. A metal end cap was found to have struck and broken the window of the radio station. This metal end cap was found to have a sticker on it with a bar code.

7. Video cameras at the LCJC recorded video of the explosion that occurred in the dumpster. The video showed that, at approximately 5:09 a.m. on August 15, 2022, according to the timestamp on the video, an individual on an electric wheelchair drove up to the dumpster. It should be noted that the timestamp on the video is believed to be slightly fast. The individual appeared to place a bag inside the dumpster. The individual then drove away from the dumpster on the electric wheelchair. The dumpster subsequently exploded a short time later.

8. While investigating the explosion, LCSO Detective (Det.) Sergeant (Sgt.) Kevin Lahey and LCSO Det. Shannon Vail observed a white male on an electric wheelchair matching the description of the subject in the video from the LCJC. They stopped and spoke with this individual who was identified as **SUTTON**. Det. Lahey asked **SUTTON** if he knew anything

about the explosion or if he heard anything. **SUTTON** stated that he was watching T.V. in his apartment all night.

9. ATF was notified of the incident. Your affiant and ATF Special Agent (SA) Justin Sprague responded to Parsons, Kansas to assist with the investigation. Law enforcement personnel from the Federal Bureau of Investigation (FBI) and the Kansas Bureau of Investigation (KBI) also responded to assist with the investigation.

10. KBI agents and Det. Sgt. Lahey went to the Ace Hardware store in Parsons, Kansas and inquired about the sale of the metal end cap found at the radio station. The law enforcement personnel learned that the end cap was purchased on July 14, 2022 by **SUTTON** along with a two-inch pipe and another end cap.

11. Law enforcement personnel responded to **SUTTON's** residence located at 1725 Broadway Ave., Apartment #702, Parsons, Kansas. **SUTTON** was taken into custody and transported to the PPD Annex to be interviewed. **SUTTON** made statements indicating he made the IED and was responsible for the explosion.

12. A state search warrant was obtained and executed at **SUTTON's** residence. Various items were found and seized, including, but not limited to, consumer firework sparklers, other consumer fireworks, and a drill.

13. Your affiant, along with other law enforcement personnel, conducted a post-blast investigation at the scene of the explosion. Your affiant collected various items at the scene that are believed to be components of the improvised explosive device (IED). From the items collected at the scene of the explosion and other information obtained during the investigation, affiant believes that the IED consisted of a metal pipe that was threaded at both ends and had two (2)

metal end caps attached. Affiant believes that numerous consumer firework sparklers were placed in the metal pipe as the explosive filler.

14.     Your affiant believes that the IED used by **SUTTON** to blow up the dumpster at the LCJC, and which damaged the building housing the KLKC radio station, was a pipe bomb. Based on your affiant's training and experience, it is your affiant's opinion that the IED would likely be classified as a destructive device.

15.     Your affiant knows that Title 26 U.S.C. § 5845(a) defines the term "firearm" and includes a destructive device within the definition of a "firearm." Title 26 U.S.C. § 5845(f) further defines a "destructive device," in part, as any explosive, incendiary, or poison gas bomb. Affiant knows that firearms, as defined in Title 26 of the U.S.C., are required to be registered with ATF in the National Firearm Registration and Transfer Record (NFRTR). Your affiant caused a query of the NFRTR, which showed that **SUTTON** did not have any destructive devices registered to him in the NFRTR.

16.     Your affiant knows that radio stations are regulated by the Federal Communications Commission (FCC). Your affiant knows that the broadcast of the KLKC radio station extends beyond the borders of the state of Kansas into neighboring states. Your affiant knows that the KLKC radio station is a commercial enterprise. Your affiant believes that the building housing that KLKC radio station constitutes a building used in interstate commerce as incorporated in Title 18, United States Code, Section 844(i).

17.     Based upon all of the information set forth in this affidavit, affiant believes that there is probable cause to believe that **JAMES DALE SUTTON,** violated Title 18, United States Code, Section 844(i), maliciously damaging or destroying, by means of explosive, a building and other real and personal property used in interstate commerce; Title 26, United States Code, Section

4

5861(d), possession of a firearm (destructive device) not registered to him in the National Firearms Registration and Transfer Record ("NFRTR"); and Title 26, United States Code, Section 5864(f), making a firearm, namely a destructive device.

Jason E. Fuller
Special Agent, ATF

Subscribed and sworn to before me  via FaceTime
On this  29   day of September, 2022

HONORABLE GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE

5